(April 11, 1906.)

F. C. SMITH et al., Appellants, v. THE MOUNTAIN GULCH MINING AND MILLING COMPANY (a Corporation) et al., Respondents.

[85 Pac. 918.]

ANNUAL ASSESSMENT WORK ON MINING CLAIMS.

    1. Under the evidence in this case, held, that the annual assessment work on the quartz mining claims located and known as the "Mother Lode," the "Northeastern Extension of the Mother Lode" and "Canary" mining claims for the year 1902, was done.

(Syllabus by the court.)

APPEAL from District Court of the Second Judicial District for Latah County.   Hon. Edgar C. Steele, Judge.

Action to quiet title to mining claims.   Judgment for the respondents.   *Affirmed.*

George G. Pickett, for Appellants.

Forney & Moore, for Respondents.

Counsel cite no authorities on point decided by the court.

SULLIVAN, J.—This action was brought by the appellants Smith and Robins against the Mountain Gulch Mining and Milling Company, and Chas. G. and John H. Taylor, respondents, on May 10, 1904, to quiet title to the "Eureka," "Nonpareil" and "Excelsior" quartz mining claims, situated in Hoodo Mining District, Latah county, Idaho. It appears from the record that said Chas. G. and John H. Taylor, located the "Mother Lode" and the "Northeastern Extension of the Mother Lode" mining claims in said district in June, 1898, and thereafter, in the month of September, 1899, the said John H. Taylor located the "Canary" quartz mining claim, and that between the dates of the original location of these mining claims and the institution of this suit, the re-

spondent, The Mountain Gulch Mining and Milling Company, a corporation, was duly organized under the laws of the state of Washington, and acquired whatever interest the said Taylors had in and to said mining claims. It appears from the record that since the location of said mining claims the respondents have occupied and worked the aforesaid mining claims each year, and had expended about $6,000 thereon in erecting a mill, cabins, shops, making roads and trails, and driving tunnels and inclines thereon. In the month of February, 1903, the appellants, Smith and Robins, went upon the said "Mother Lode" mining claim, and the "Northeastern Extension" thereof, and the "Canary" mining claim and located the identical ground covered by said locations in the name of the "Eureka," "Nonpareil" and "Excelsior." Their reason, as shown by the record, for making said locations, was that the annual assessment work on said "Mother Lode" and "Northeastern Extension" thereof, and the "Canary," had not been done by the respondents for the year 1902. On the trial of the case, evidence was submitted on two issues, to wit: 1. That no valid location had been made by the respondents; and 2. That the annual assessment work for the year 1902 had not been performed. Both issues were found in favor of the respondents, and judgment was entered in their favor. A motion for a new trial was denied, and this appeal is from the order denying such motion. The question as to the validity of the locations made by respondents was abandoned, and the only question presented for decision on this appeal is whether the annual assessment work for the year 1902 had been performed. It is contended by counsel for appellants that the evidence clearly shows that the respondents performed sixty-six days' work upon said three claims for the annual assessment work for the year 1902. He also contends that the evidence shows that the wages for such labor was at most but $3.50 per day, and therefore $300 worth of work was not done in the year 1902 on said claims.

It appears from the evidence that in the year 1902 the respondents made the equivalent of forty-seven feet of tunnel

and incline, and the evidence shows that said work was worth $9 per foot, or $423. The appellant's witness, Northrup, testified that he had worked on the said "Mother Lode" claim, and had a contract there for forty-five feet of tunnel; that he received $9 per foot for that work, and "that he earned his money; that it was well worth $9 per foot." There is some other evidence to show that said work was not worth more than $7 or $8 per foot. But even at $7 per foot, forty-seven feet of tunnel would cost $329; thus at the lowest estimate there was more than $300 worth of work done on said claims in the year 1902, by the respondents. The trial court found that more than $300 worth of work had been done that year, and we think the evidence fully supports the finding of the court on that point. The judgment is affirmed, with costs in favor of the respondents.

Stockslager, C. J., and Ailshie, J., concur.